**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHI DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Warren Olsen,**<br>**Debtor .**<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST,**<br><br>**Movant,**<br>**v.**<br>**Warren Olsen,**<br>**Debtor/Respondent,**<br>**Cheryl Olsen,**<br>**Co-Debtor/Respondent,**<br>**Kenneth E. West,**<br>**Trustee/Additional Respondent.** | **Bankruptcy No. 26-10497-djb**<br><br>**Chapter 13** |

**ORDER OF COURT**

AND NOW, this_____day of_, 2026, upon consideration of the foregoing Stipulation Resolving Motion for Relief from Automatic Stay of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, it is hereby ORDERED that the Stipulation is approved.

BY THE COURT:

**Date: August 24, 2026**

________________________________

Honorable Derek J. Baker
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHI DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Warren Olsen,**<br>**Debtor .**<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST,**<br><br>**Movant,**<br>**v.**<br>**Warren Olsen,**<br>**Debtor/Respondent,**<br>**Cheryl Olsen,**<br>**Co-Debtor/Respondent,**<br>**Kenneth E. West,**<br>**Trustee/Additional Respondent.** | **Bankruptcy No. 26-10497-djb**<br><br>**Chapter 13**<br><br>**Hearing Date: 8/20/2026**<br>**Hearing Time: 11:00 a.m.**<br>**Location: 900 Market Street, Suite 204**<br>**Philadelphia, PA 19107**<br>**Courtroom Number #2** |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Secured Creditor" or "Movant"), and Warren Olsen, ("Debtor"), by and through the undersigned attorneys, hereby stipulate as follows:

**I. BACKGROUND:**

1. On January 24, 2005, Warren Olsen, executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $171,500.00.
2. The Mortgage was recorded on February 3, 2005, with the Delaware County Recorder of Deeds.

3. The Mortgage was secured as a lien against the real property located in Delaware County commonly known as 307 Amosland Road, Norwood, Pennsylvania 19074 (the "Property").
4. The Note and Mortgage were last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST.
5. As of June 18, 2026, the date of the filing of the Motion for Relief, Debtor failed to make the monthly post-petition payments of principal, interest, and escrow to Secured Creditor in the amount of $2,848.51 from April 1, 2026 to June 1, 2026, plus attorney fees and costs of $1549.00.
6. Debtor'(s) post-petition arrearage totaled the sum of $10,094.53 through June 30, 2026.
7. Debtor further acknowledges that additional payments of principal, interest and escrow currently in the amount of $2,848.51, per month shall become due under the Note and Mortgage on the first (1st) of each successive month, beginning September 1, 2026 until the Note is paid in full. Debtor acknowledges that the monthly payment is subject to change and remains responsible for same.
8. U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, and Debtor desire to resolve Debtor's post-petition arrears in accordance with the terms set forth below:

## II. STIPULATION FOR RELIEF FROM STAY

9. Debtor confirms and acknowledges his financial obligations to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST under the Note and Mortgage.
10. Debtor further confirms and acknowledges his failure to make post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth in Paragraphs 5 and 6 above.

11. Debtor further confirms and acknowledges his obligation and agrees to make regular post-petition payments of principal, interest and escrow going forward from September 1, 2026 as set forth in Paragraph 7 above.

12. Debtor(s) has since paid post–petition arrearage of $10,094.53 and made payment for July 1, 2026 and August 1, 2026.

13. In the event that Debtor converts to a Chapter 7 bankruptcy during the pendency of this bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion. Should the Debtor fail to cure the arrears, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, will issue and serve upon Debtor's attorney written notification of default ("Notice") of this Stipulation. If the default is not cured within fifteen (15) days of the Notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, may file a Certification of Default with the Bankruptcy Court ("Court") and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor defaults on his obligations under this Stipulation by failing to comply with the provisions as set forth above in Paragraph 11 and/or tender in full any of the payments described in Paragraph 12, on or before the dates upon which they are due, then U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns shall serve attorney for the Debtor via facsimile, electronic mail, and/or First Class Mail, postage prepaid, with written notification of the default. In the event that Debtor fails to cure the default within fifteen (15) days of the date of the Notice, then, U.S. BANK TRUST NATIONAL

ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, or its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation without further notice to Debtor or the Order of this Court. If Movant is required to issue a Notice of Default, the Debtor shall pay $125.00 per notice, as attorney fees, in addition to all funds required to fully cure the default prior to the expiration of the allowed cure period.

15. In addition, Debtor agrees that he is not permitted more than two (2) defaults from the date of this Stipulation. Debtor agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without further notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation.

16. Neither U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's consent to this Stipulation nor U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's acceptance of any payments tendered by or on behalf of Debtor shall be construed as a

waiver of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's right to proceed with or commence a foreclosure other legal action against Debtor under this Stipulation. However, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, agrees to credit the mortgage account of Debtor for all payments made in accordance with this Stipulation, the Note and/or Mortgage.

17. This Stipulation may only be modified by a revised Stipulation filed on the docket in the U.S. Bankruptcy Court ("Court"). No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation as filed on the docket in the Bankruptcy.
18. Debtor hereby certifies and confirms that he has reviewed the terms of the Stipulation with his attorney, understands and is in agreement with the terms of this Stipulation, and authorizes his attorney to execute this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Robert Shearer Date: 8/4/2026
Robert Shearer, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
Email: rshearer@raslg.com
Attorneys for Movant

/s/ ______________________ *with express permission* Date: ____________
**LAWRENCE S. RUBIN**
Lawrence S. Rubin, Atty.
337 West State Street
Media, PA 19063-2615

(610) 565-6660
Fax : 610-565-1912
Email: echo@pennlawyer.com

NO OPPOSITION:

/s/ LeeAne O. Huggins ________ *with express permission* Date: August 19, 2026

**KENNETH E. WEST**
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
215-627-1377